## JOHN POOL *vs.* BERNARD ALGER.

The owner of land, through whose neglect to repair a division fence a stranger's cattle, at large in the highway, break into his neighbor's land, is not liable to an action by his neighbor for injuries thus occasioned.

ACTION OF TORT for suffering a division fence between the plaintiff's and the defendant's closes, which the defendant was bound to keep in repair, to be out of repair, whereby cattle passing over the defendant's land broke and entered the plaintiff's close, and trod down, ate and injured the plaintiff's crops there growing.

The defendant's land lies between the plaintiff's and the highway, and the division fence had been divided between them by fence viewers, and the portion assigned to the defendant was out of repair. Certain cattle, the property of an unknown stranger, unlawfully at large in the highway, passed into the defendant's land, and thence, through that portion of the division fence which it was the defendant's duty to repair, upon the plaintiff's land, and committed the injuries complained of. The case was submitted to the court upon these facts.

*B. Sanford*, for the plaintiff.

*C. I. Reed*, for the defendant.

DEWEY, J. 1. We perceive no ground upon which this action can be maintained as an action of trespass *quare clausum fregit.* The entry upon the plaintiff's land was by the cattle of a third person, and one with whom the defendant had no connection as an agister of the cattle. The cattle were trespassers upon the land of the defendant as well as the land of the plaintiff.

2. If considered as an action for damages occasioned by the defendant's neglecting to keep in repair a division fence between the close of the plaintiff and himself, the plaintiff must also fail to maintain his action, as the defendant was not bound to maintain and keep in repair such division fence, except against cattle rightfully on his land or the land of the plaintiff. The cattle that committed the alleged trespass were unlawfully at large in the highway. Against such cattle the defendant was not bound to

keep and maintain a fence. It constituted no defence to an action by the plaintiff against the owner of the cattle, that the division fence between the defendant and the plaintiff was not kept in proper repair; and the proper remedy of the plaintiff was to recur to the owner of the cattle for any damages sustained by their entering upon his land. The defendant could maintain no action for the damages done on the land of the plaintiff, he not being the party injured. As between the plaintiff and the defendant, if the cattle of either party, or cattle for which such party was responsible as an agister, had entered upon the land of the other, by reason of neglect to maintain and keep in repair his portion of the fence assigned to him, it might materially affect the right to maintain an action for damages therefor. If the cattle of the defendant had thus entered upon the land of the plaintiff through the insufficiency of the portion of the fence assigned to the defendant, the plaintiff might well maintain an action therefor; but not so if the cattle of a stranger unlawfully going at large in the highway enter upon the land of the plaintiff, first passing through the adjacent lot of the defendant. We think this result must follow from applying the principles that have been heretofore settled by this court in *Rust* v. *Low*, 6 Mass. 90; *Stackpole* v. *Healy*, 16 Mass. 37; and *Lyman* v. *Gipson*, 18 Pick. 427.                    *Judgment for the defendant.*